## SUMMONS NECESSARY ON CROSS-PETITION IN DIVORCE PROCEEDING.

Court of Common Pleas for Clark County.

ANNA E. BARGDILL v. LE ROY O. BARGDILL.

Decided, November, 1915.

*Divorce and Alimony—Plaintiff in Action for Alimony—Entitled to Service of Summons on Cross-Petition Asking for a Divorce—Statutes Relating to Divorce Distinguished from those Relating to Civil Procedure.*

Where a plaintiff has filed a petition for alimony, and the defendant has filed an answer and cross-petition seeking divorce from the plaintiff, the case can not be heard upon such cross-petition for divorce until summons has been had thereon and the statutory period of six weeks has elapsed. *Young* v. *Young,* 9 Bull., 24, not followed.

*Johnson & Miller,* for plaintiff.

*J. B. Malone,* contra.

GEIGER, J.

On July 2d, 1915, the plaintiff filed her petition against the defendant, asking that the court decree her reasonable alimony. The plaintiff does not ask for a divorce. Upon the filing of this petition, a summons was issued and personally served upon the defendant, together with a certified copy of the petition.

On August 10th, 1915, defendant filed an answer and cross-petition, setting up various charges against the wife, and praying he might be divorced from the plaintiff. Both plaintiff and defendant are residents of Clark county.

Upon this cross-petition no summons was issued. The defendant is urging that the case come to trial, but the plaintiff objects that the cause can not be heard by the court until after the issue of summons upon the cross-petition and service of the same upon the plaintiff.

This calls for an examination of several sections of the statutes and the meager decisions of the courts in relation thereto.

Section 11983, G. C., provides that when the defendant is a resident of this state, the clerk shall issue a summons directed to the sheriff of the county in which he or she resides or is found, which, together with a copy of the petition, shall be served on him or her at least six weeks before the hearing of the cause.

Section 11985 provides that the cause may be heard and decided after the expiration of six weeks from the service of summons, or the first publication of notice.

Section 11986 provides that if the plaintiff fails to appear, or having appeared, admits or denies the allegations, the court may hear and determine the case.

Section 11997 provides that when the wife files her petition for divorce or alimony, the husband may file a cross-petition for divorce.

It is claimed, upon the part of the plaintiff, that before the cause can be heard upon the cross-petition of the defendant, the service of summons must be made upon the plaintiff, and that six weeks shall have expired after said service.

It is claimed on behalf of the defendant that Section 11997 gives him the right to file his cross-petition for divorce, and that the plaintiff being already in court upon her petition, that it is not necessary for the defendant to cause summons to be issued, and that the cause may proceed to hearing upon the defendant's cross-petition for divorce without reference to the statutes which relate to the issuing of service upon a petition, or which provide that the cause shall not be heard until after the expiration of six weeks from the service of summons.

The defendant's position is strongly sustained in the case of *Young* v. *Young* (8 Ohio Dec., Reprint, 575; 9 Bull., 24), where it is held by Judge Buchwalter, of the Common Pleas Court of Hamilton County, that the plaintiff in a divorce and alimony case is not entitled to a continuance on the ground that no summons has been issued and served on the defendant's cross-petition asking for a divorce, as no summons need be issued on such cross-petition. The judge says no authority has been cited upon the question, and states that the practice at the Hamilton

county bar has been to issue summons, but that the judges have made no specific ruling upon this question, and that if it were a civil case under the code, no summons would be required upon the cross-petition against the plaintiff.

The court holds when a party plaintiff files a petition against another, the plaintiff is presumed, in law and reason, to have knowledge of all subsequent proceedings in that case, and must look to the record to show the defendant's cross-petition, as well as his answer, and the court therefore holds, as a rule of practice, that a defendant cross-petitioner in divorce and alimony proceeding need not issue summons thereon for the plaintiff.

This case seems to have been decided, not upon authorities cited to the judge, but upon the analogy which may exist between divorce cases and cases under the civil code.

The case of *Harter* v. *Harter*, 5 Ohio, 319, arose upon facts in substance as follows: The petitioner resided in one county and the defendant in another. A petition was filed in the county in which the plaintiff resided, and a summons was issued directed to the sheriff of the county in which the defendant resided, which was by him served and returned, and there was no other notice of the pendency of the petition, and no copy of the petition was delivered to the defendant. The court says in part, "perhaps there is no statute in Ohio more abused than the statute concerning divorce and alimony. Perhaps there is no statute under which greater imposition is practiced upon the court and more injustice done to individuals." * * * The judge then gives expression to views that seem highly pertinent to the present-day divorce proceedings, and says: "Aware of these circumstances, * * * we have ever been disposed to give a strict construction to the law and not to hear a case unless the applicant brings himself or herself within both the letter and spirit of the statute." The court then continues the case for notice, for the reason that the notice given did not strictly comply with the statute.

A short paragraph is found in the proceedings of the Supreme Court, at a term held in Cincinnati in 1845, Ohio Dec., Reprint,

Vol. 1, 135. The statement of the court is brief, but seems to be highly pertinent:

"*Ferrell* v. *Ferrell*. Divorce. Defendant lives in Clark county, Ohio. His counsel acknowledged service more than six weeks before the term, and filed his answer. *Held*: That the statute requiring either personal service or advertisement is peremptory and can not be dispensed with."

In the case of *Smith* v. *Smith*, Wright's Report, 643, decided in 1834, it is held where a bill for divorce is amended, there must be service. The appearance and waiver will not be received.

The case possibly does not quite support the syllabus. The court says there has been no service since the amended bill, nor appearance, while the syllabus says there must be service.

In Volume 1, Dayton Term Reports, at page 11, Kumler, Judge, says:

"Service in a divorce case by voluntary entry of appearance by the defendant, is not good. Such service is collusive upon its face and against public policy. The manner of service pointed out by the statute must be followed." Citing 5692 R. S., 11983 G. C.

In the case of *Keenan* v. *Keenan*, 5 N.P.(N.S.), 12, it is held that a decree of divorce granted on a supplemental answer and cross-petition, of which the plaintiff had no notice, while it may serve to terminate the marriage contract, does not determine the rights either as to alimony or the custody of children.

Judge Kyle, on page 14, says that any action of the court based upon such supplemental bill, without notice, would be a proceeding wherein the defendant did not have her day in court, and the judgment would extend no further than a proceeding *in rem*, which might have jurisdiction, *which is not here determined*, to annul the marriage contract.

The court, in the above case, especially disclaims that he is determining that a divorce can be granted upon a cross-petition upon which there has been no service.

The case of *Heyler* v. *Heyler*, 7 N. P., 609, holds that a hearing can not be had before the expiration of full six weeks after the service of summons, or the first publication of notice.

The case of *Search* v. *Search*, 7 N.P. (N.S.), 274, holds that the statute in reference to the service of summons must be strictly followed in divorce cases.

The case of *Bay* v. *Bay*, 85 O. S., 417, holds that where the husband obtains a decree of divorce by fraud, the decree dissolving the marriage relation is conclusive, but where the court did not have jurisdiction of the wife's person, she may have said decree opened so far as relates to her interest in her husband's property. The case shows that the sections in reference to service must be strictly followed.

The cases above cited clearly indicate that divorce statutes should be strictly construed; that there is a distinct difference between these statutes and statutes relating to civil procedure. If it is true that the court has no jurisdiction to hear a divorce case when the defendant comes into court and enters his appearance through his attorney and files an answer, then it is clear there is a vital distinction between a divorce case and other civil cases.

As stated in the case in 5 Ohio, 319, it is necessary that the parties bring themselves within both the letter and the spirit of the statute. The matter of divorce is not entirely within the control of the parties to the proceeding, but the state has its interest in the proceeding which must be protected by a close adherence to the statutory provisions.

Section 11985 provides that a case may be heard and decided after the expiration of six weeks from the service of summons, or the first publication of notice. It can not be heard before that time, nor can it be heard unless there is a service of summons or publication of notice. This is probably for a definite reason. In the ordinary civil case, parties might come into court and consent that their case be heard without the service of summons, and without the expiration of any time, but this is impossible in a divorce case. If it is impossible to hear a divorce case upon the petition of the plaintiff without a strict compliance with

the formalities, and expiration of a given length of time, does Section 11997, which simply provides that a husband may file a cross-petition, permit a hearing upon such cross-petition without service of summons, and without the expiration of any time after said cross-petition may be filed? It is not hard to conceive that the public is interested in the fact that this six weeks shall expire after the filing of a petition or a cross-petition for divorce, before the parties shall be heard. It is well known that a lapse of time often brings parties who are temporarily estranged again into harmony, and a delay of six weeks is not subversive of the interests of the parties and in a measure protects the interests of the state.

If, as claimed by the defendant, no service is necessary upon the cross-petition, then no time need elapse between its filing and the hearing. A wife seeking alimony, as in this case, may upon the hearing be confronted with a cross-petition for divorce, filed by the husband, and hastened into a trial without the intervention of time which might solve the domestic difficulty.

For the reasons above stated, and on the authority of the cases above cited, the court can not agree with the opinion of Judge Buchwalter, in the case of *Young* v. *Young*, 9 Bull., 24; 8 Ohio Dec. Reprint, 575.

The case will therefore be continued for service upon the defendant's cross-petition.